■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY SMITH, Also Known as MELVIN WRIGHT, Appellant. [599 NYS2d 232] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered February 5, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's argument that he was deprived of a fair trial by the court's ruling precluding him from impeaching the two police officers who saw him exchange vials for money with

certain claimed prior inconsistent statements is largely unpreserved and in any event without merit. The record supports the trial court's explanation of the first claimed inconsistency as simply a misunderstanding attributable to defense counsel's unnecessarily confusing questioning of the officer concerning his position while observing defendant prior to the arrest.

As to the second claimed inconsistency—between the officer's trial testimony that no other drugs were recovered at the scene at or about the time of defendant's arrest, and his report of a nearby, but unrelated arrest of another person a few minutes after defendant's arrest in which he stated that drugs were found on the ground—the record supports the court's determination that information concerning this second arrest was irrelevant and moreover, not necessarily inconsistent with the trial testimony. In any event, in light of the overwhelming evidence of guilt, there is little likelihood that the claimed inconsistencies would have affected the outcome of the case (People v Crimmins, 36 NY2d 230). We have considered defendant's remaining contentions, both preserved and unpreserved, and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.